UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
**TRENTON VINTAGE**

---

**JACOB KELLNER, DEVORA KELLNER,**

             **Docket No:** :22-cv-1124-ZNQ-DEA

    **Plaintiff,**         **Civil Complaint**

vs.

**AMAZON, OFFICERS, DIRECTORS,
AND SHAREHOLDERS,**

       **Defendants.**

_____/

## PLAINTIFF OPPOSITION DEFENDANT MOTION FOR SUMMARY JUDGMENT OR REFER TO ARBITRATION

  **HERE COMES, Jacob Kellner, and Devora Kellner** the plaintiffs. (husband and wife) pro se' in the above entitled matter, and who herein reply in opposition to Defendant Motion FOR SUMMARY JUDGMENT or REFER TO ARBITRATION, filed on March 9th, 2023, and in support thereof Respectfully. state and allege as follows.

### PRELIMINARY STATEMENT

  1. Once again, in opposition to Defendant Amazon Motion For Summary Judgment or in the alternative refer to Arbitration, we restate, that plaintiff Devora

[1]

Kellner, has never filed any previous actions in any courts or arbitration, **nor has she ever been a party to any contract with Defendant Amazon,** and is not bound by

any mandatory contractual relationship to arbitrate any of her claims as presented. in her federal civil complaint against amazon, and plaintiff Devora Kellner, continues to Demand a Jury Trial before the Federal District Court to adjudicate. her causes of action, and asserts that Defendant Amazon's relief as sought in seeking as an alternative "Referral to Arbitration", must be denied by this Honorable Court.

2. Additionally, as to Defendant Amazon pleading for Summary Judgment, plaintiffs jointly submit the there are ' issues of material fact, in dispute, which may entitle them to relief sought by a jury', as the fact finders.

3. Equally important joint plaintiff Jacob Kellner asserts he **was previously involved in a contract with Defendant Amazon however during all material** times of instant complaint the contract between the parties was **TERMINATED** by Defendant Amazon, and plaintiff suffered ongoing damages following the termination of the 'seller contract' and all the counts as prosecuted in plaintiff's pending federal civil complaint are **POST contract, and plaintiff is not subject to any mandatory seller contract condition mandating binding arbitration, and seeks a jury trial before the Court to adjudicate his causes of action.**

4. This Honorable Court sits in two capacities, one as a Court of Law, and second, as a **Court of 'equity'**, and the plaintiffs' invoke the equitable powers of

this Honorable Court to hold the Mammoth Amazon responsible for their abuses not only to their employees but their independent contactors which plaintiff JK was.

5. That based upon stated causes of action and other causes as set forth more fully below, this Honorable Court must Deny Defendant Amazon Motion For Summary Judgment where the Defendant has failed to meet the standard for Summary Judgment, and the doctrine of res judicata as argued by the Defendant has no merit and is inapplicable in the instant case, and plaintiffs' joint Opposition to Defendant Amazon Motion for relief now follows.

## FACTS IN OPPOSITION TO DEFENDANT MOTION FOR SUMMARY JUDGMENT

6. Party opposing a motion for summary judgment must file a written responding statement admitting or disputing each of the facts in the moving party's statement. N.J.R. 1:6-2 (a) (amended eff 9/1/22); N.J.R. 4:46-2 (b) (amended eff 9/1/16).

7. That defendant amazon references to prior litigation is without merit, and their assertion that plaintiff Divora Kellner is subject to prior seller contract is sheer nonsense and without merit, and must be rejected by this Honorable Court.

8. That plaintiff Divora Kellner stands on her individual rights to access the courts and file lawsuits, and was never a party to any prior seller contract with defendant amazon, and defendant amazon ignores the fact that WOMEN are no

longer considered property of men and have individual rights under our United States Constitution to enter contracts, and access the courts for the redress of their grievances, rights which defendant amazon urges this Honorable Court to abrogate, ignore and deprive plaintiff Divora Kellner of, a theory which this Honorable court must reject.

9. The 'bad acts' of defendant amazon caused the plaintiff to suffer the loss of marital services at all **material times following their 'bad act'** to abrogate the seller contract with plaintiff JK, and suffer extreme financial hardship on plaintiff Devora Kellner and her family.

10. That defendant amazon falsely asserts that plaintiff JK engaged in 'bad conduct' in the preliminary statement, which was never decided in any prior litigation on any merits argument, and plaintiff JK has a right to clear his name in instant litigation.

11. That defendant amazon allegation that plaintiff JK engaged in 'bad acts' during the more than nine years of being engaged in a seller contract, is false and outrageous and belied by the NINE YEARS that defendant amazon continued in the contractual relationship with plaintiff JK, with defendant amazon profiting from the more than NINE years of contractual relationship, year after year, without incident ever being charged by defendant amazon.

## CURRENT LITGATION IS DISTINGUISHED
## FROM ANY PRIOR LITIGATION RAISED BY DEFENDANT AMAZON

12. That defendant argument of res judicata falsely asserting that the same issues establishing the counts of instant civil action were litigated and decided in prior action is simply NOT TRUE and should be rejected by this Honorable Court.

13. **FIRST:**

- Instant federal lawsuit is NOT about a 'contract' violation.
- Instant federal lawsuit is NOT about violations of the anti-trust laws of the United States, Clayton or Sherman Acts.
- Instant federal lawsuit is NOT about Fraud in concealment.
- Instant federal lawsuit is NOT about tortious interference.
- Instant federal lawsuit is NOT about 'good faith' and fair dealing.
- Instant federal action is NOT an action by the same parties to prior litigation.
- Instant federal lawsuit has been jointly filed by DK and JK as husband and wife, and DK NEVER filed nor was a party to any prior litigation referred to by defendant amazon.
- Instant federal civil action is NOT 'Duplicative' of any prior lawsuit filed by either JK or DK.
- Instant federal lawsuit is NOT seeking redress for same facts surrounding prior litigation, but rather post contract consequences of defendant amazon ''bad acts'.
- Instant federal lawsuit charges time periods different from prior litigation.
- Instant federal lawsuit charges ongoing 'bad acts' by defendant amazon following all prior litigation.
- Instant federal charges damages suffered by DK following the periods of all prior litigation.
- Instant federal litigation charges 'intentional infliction' of emotional distress suffered by the litigant(s) following all prior 'bad act', and defendant amazon continued 'bad acts', used as retaliation against JK for filing prior civil actions.
- Instant federal litigation charges the loss of marital consortium caused by defendant amazon continued 'bad acts'.

- Instant federal litigation ongoing consumer fraud by defendant amazon against the litigant.

- Instant federal litigation charges commencement of 'bad acts' by defendant amazon following the prior contractual relationship between the parties.

## PLAINTIFFS' INSTANT CIVIL ACTION DOES NOT VIOLATE THE DOCTRINE OF RES JUDICATA

14. That plaintiffs' instant civil action is clearly distinguished from any prior action by JK, and plaintiff DK was never a party to any prior contract between the parties.

15. That plaintiff DK NEVER filed any prior litigation against defendant amazon, and suffered all of her damages from ongoing campaign of 'bad acts' by defendant amazon during different time period of all prior litigation and contractual relationship between defendant amazon and plaintiff JK.

## DEFENDANT DOES NOT MEET STANDARD FOR SUMMARY JUDGMENT

16. A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

17. That material facts remain in dispute with respect to the counts as charged in plaintiff federal civil complaint, and remain a question for the jury to

[6]

decide.

18. That id, at p17 defendant MOL, defendant erroneously avers: The Kellners fail to state a claim for intentional infliction of emotional distress ("IIED").

"To establish a viable claim for IIED, "a plaintiff must prove: (1) that defendant acted intentionally or recklessly; (2) that defendant's conduct was extreme and outrageous; (3) the defendant's actions were the proximate cause of the plaintiff's distress; and (4) the emotional distress suffered by the plaintiff was severe." Goydos v. Rutgers State Univ., 2021 WL 5041248, at *14 (D.N.J. Oct. 29,2021) (internal quotes omitted); see also Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366(1988). Conduct is "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Subbe-Hirt v. Bacciagalupi, 94 F.3d 111, 114(3d Cir. 1996) (internal quotes omitted)…

19. That defendant amazon acted INTENTIONALLY and RECKLESSLY, in their continued campaign of retaliation against JK for filing prior litigation, during post litigation time periods the defendant 'bad acts' further caused plaintiff DK to suffer extreme emotional distress, requiring medical care and treatment, and plaintiff JK to suffer IIEM, resulting from the totality of defendant amazon continued 'bad acts', at all material times as set forth in plaintiff federal civil complaint.

20. That the emotional distress suffered by the plaintiffs' and caused by the defendant amazon continued 'bad acts', is severe, and the defendant amazon 'bad acts' and action was the proximate cause of the plaintiffs' distress, all facts in

dispute which are reserved for a jury at trial. *Goydos v. Rutgers State Univ.*, 2021 WL 5041248, at *14 (D.N.J. Oct. 29

2021) (internal quotes omitted); see also *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988).

21. That plaintiffs' well pled federal civil complaint sufficiently states cause and 'misrepresentations' both past and present by defendant to justify 'equitable estoppel' in the interest of justice. *Cotter v. Newark Housing Auth.*, 422 F. App'x 95, 99 (3d Cir. 2011) (quoting *O'Malley v. Dep't of Energy*, 109 N.J. 309, 317 (1987)). New Jersey courts typically permit a claim for equitable estoppel "'where the interests of justice, morality and common fairness clearly dictate that course.'"

22. That plaintiff claim charging violation of the New Jersey Consumer Fraud Act is well pled, and is not barred by doctrine of res judicata.

23. That plaintiff has satisfied the standard set forth pursuant to Rule 9(b) "stat[ing] the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Maniscalco*, 627. F. Supp. 2d at 500 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Lum* at 224; *U.S. v. Eastwick College*, 657 F. App'x 89, 92 (3d Cir. 2016) ("In order to satisfy Rule 9(b).

24. That defendant opposition establishes genuine material facts in dispute and defendant failure to meet the standard for Summary Judgment.

25. That defendant amazon remaining arguments are without merit and should be rejected by this Honorable Court, where plaintiffs oppose each and every argument by defendant amazon, and assert that they remain material facts in dispute to be decided by a jury at trial.

## DEFENDANT AMAZON HAS NO CONTRACTUAL RIGHT OVER THE PARTIES TO DEMAND ARBITRATION

26. That neither plaintiff JK nor Dk are in any contract with defendant amazon during material times as set forth in federal civil complaint, and are not subjected to BSA contract defendant with defendant amazon.

27. That plaintiff DK was NEVER a party to any contract with defendant amazon and all of the events took place post JK & Amazon BSA contract, therefore JK is not a party to a contract with defendant amazon.

28. That plaintiffs' current federal civil complaint set forth counts and charges which are all post BSA contract between the parties and were commenced post BSA contract between defendant amazon and plaintiff JK, and simply cannot be used to contractually compel the plaintiffs into arbitration.

29. That defendant amazon's attempt to compel plaintiffs' into arbitration

30. must be denied by this Honorable Court, where plaintiffs are under no contractual obligation under the BSA contract with defendant amazon, and where plaintiffs' have demanded a jury trial.

## CONCLUSION

31. That based upon the law and facts as set forth more fully above, and where there remains genuine material facts in dispute between the parties which can be resolved in plaintiffs favor by a jury at trial, this Honorable Court must deny defendant Motion for Summary Judgment and request for referral to arbitration where there is no compelling contractual relationship which exists between the parties either under the seller/amazon BSA contract or any other contract, and direct defendant amazon to file answer to plaintiffs complaint by a date certain.

_____
**Jacob Kellner,**
**Joint plaintiff pro se'**

_____
**Devora Kellner,**
**Joint Plaintiff pro se'**

**March 14th, 2023**

## **CERTIFICATION OF SERVICE**

That I Jacob Kellner do hereby certify that I have caused defendant amazon attorney to be delivered a true copy of within legal papers depositing them with the United States Post Officer on March 15, 2023, addressed to counsel at address stated below via U.S. certified mail.

_____
Jacob Kellner