**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JACOB KELLNER and DEVORA
KELLNER

           Plaintiffs,

        v.

AMAZON, OFFICERS, DIRECTORS,
AND SHAREHOLDERS,

           Defendants.

Civil No. 22-1124 (GC)(DEA)

**MEMORANDUM ORDER**

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on Plaintiffs Jacob Kellner and Devora Kellner's ("Plaintiffs") Motion for Leave to Amend the Complaint. ECF No. 44. Having been fully briefed and the filings been considered, for the reasons below, the Court **GRANTS** Plaintiffs' Motion.

**I.   Factual and Procedural Background**

Plaintiffs filed their Complaint on March 1, 2022 against Amazon, Officers, Directors and Shareholders ("Defendant").[1] ECF No. 1. Plaintiffs allege that Defendant violated the New Jersey Consumer Fraud Act and have also asserted claims for Intentional Infliction of Emotional Distress and Equitable Estoppel. *Id.* ¶ ¶ 63-73. Plaintiffs' claims arise from allegations that Amazon terminated a business relationship with Plaintiff Jacob Kellner, a contractual relationship[2] that

---

[1] Defendant Amazon.com Services LLC has noted in its briefing before this Court that it is being incorrectly sued as "Amazon, Officers, Directors, and Shareholders." ECF Nos. 13, 21, & 49. Seeing no opposition from Plaintiffs on this point, the Court will refer to Amazon.com Services LLC as "Defendant" for clarity and consistency.

[2] The Plaintiffs explain that this contractual relationship was based on a Business Solutions Agreement ("BSA") which Amazon "abruptly [t]erminated." ECF No. 1 at ¶ 12.

lasted for roughly nine years. *Id.* ¶ ¶ 6, 18-19. As a result of the end of this business relationship, Plaintiffs allege, Plaintiff Jacob Kellner suffered a "serious mental breakdown requiring professional medical treatment" and Plaintiff Devora Kellner "suffered a loss of marital consortium and normal marital sexual relations" and loss of "quality time" with her husband, Plaintiff Jacob Kellner. *Id.* ¶ ¶ 26-29.

Defendant filed a Motion to Dismiss, *or in the Alternative Compel Arbitration and Dismiss the Complaint* on April 11, 2022. ECF No. 13. Defendant argued that: the doctrine of *res judicata* bars Plaintiffs' Complaint, the Complaint fails to state a claim, or alternatively that the Court should compel arbitration due to a binding, contractual agreement between the parties. *Id.* On February 23, 2023, in evaluating the Defendant's Motion to Dismiss, the District Court noted:

> The inclusion of so many additional documents is cause for concern for the Court at this stage of litigation. Thus, before delving into the merits of Defendant's motion, the Court must analyze the propriety of considering the attached documents at the motion to dismiss stage.

ECF No. 19 at 6. The District Court determined that of all the documents proffered by Defendant, only the BSA was proper to consider in connection with the Motion to Dismiss. *Id.* at 7. The Court explained that the other documents presented in support of the Motion to Dismiss from the prior litigation and the arbitration award were only appropriately considered for judicial notice, not for the truth of the documents. *Id.* at 8-10. The Court explained that Defendant's defense of "*res judicata* is not apparent on the face of the Complaint" and thus the Court "cannot consider information outside of Plaintiffs' Complaint without converting the Motion to Dismiss into one for Summary Judgment." *Id.* at 12. The Court resolved these issues with the Motion to Dismiss by converting it to a Motion for Summary Judgment. *Id.*

On March 9, 2023, Defendant refiled its earlier motion as a *Motion for Summary Judgment, or, in the alternative, to Compel Arbitration and Dismiss the Complaint*. ECF No. 21. That Motion for Summary Judgment remains pending.

On December 7, 2023, Plaintiffs filed the present Motion for Leave to Amend the Complaint. ECF No. 44. In their proposed amendments, Plaintiffs added factual details and three new Counts based on a lawsuit filed by the Federal Trade Commission ("FTC") and 17 state attorneys general against Amazon on September 26, 2023. *Id.* at 44 at 3. The redlined version of the proposed amendments shows that Counts IV – VI are the only entirely new Counts, now adding two alleged violations under the Shearman Act and one alleged violation under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). ECF No. 48-1 at 19-27. Defendant filed opposition to Plaintiffs' Motion for Leave to Amend [ECF No. 45], and Plaintiffs filed a reply [ECF No. 47]. Defendant also submitted a letter to the Court addressing additional deficiencies identified in Plaintiffs' proposed amendments, amendments which Defendant had not previously had the opportunity to review as Plaintiffs failed to file the actual proposed amendments with their Motion. ECF No. 49. Thereafter, Plaintiffs responded to Defendant's letter. ECF No. 50.

## II.  Legal Standard

Rule 15(a) provides in relevant part, where a party seeks to amend beyond the party's right as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2).

Rule 15 "embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The liberality of Rule 15(a) counsels in favor of amendment

even when a party has been less than perfect in the preparation and presentation of a case." *Arthur*, 434 F.3d at 206 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The "Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. 07-5686, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

While "amendments are to be liberally granted, the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989). Courts may reject a Rule 15(a)(2) motion when the amendment sought: (1) causes undue delay; (2) arises from bad faith or dilatory motive on the part of the movant; (3) arises from repeated failure to cure deficiencies by amendments previously allowed; (4) causes undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) is futile. *Foman*, 371 U.S. at 182; *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).

## III. Discussion

Defendant argues Plaintiffs' Motion should be denied for two reasons: 1) failure to comply with Local Civil Rule 15.1, and 2) it fails on the merits because the proposed amendments would be futile. ECF No. 45 at 7. Defendant's first argument for futility is that "every claim asserted by *Mr. Kellner* individually is barred by the doctrine of res judicata." *Id.* at 9. Second, Defendant argues each joint cause of action also fails to state a claim for relief. *Id.* Third, Defendant argues "to the extent Mr. Kellner's claims are not dismissed on res judicata grounds, his sole remaining individual claim under the New Jersey Consumer Fraud Act must be dismissed because it does not meet Rule 9(b)'s heightened pleading standard for claims sounding in fraud and Mr. Kellner lacks

4

standing to sue because his relationship with Amazon was not a consumer transaction." *Id.* at 9-10. Lastly, Defendant notes, in the alternative, Amazon demonstrated that the Kellners agreed to binding arbitration under the BSA, for all of the same reasons the initial dispute was subject to binding arbitration. *Id.* at 10.

After Defendant's opposition was filed, Plaintiffs cured the deficiency cited under the Local Civil Rules by filing their proposed Amended Complaint together with a redlined copy of the Amended Complaint. ECF Nos. 47 at 3 & 48. Plaintiffs respond that their proposed amendments are not futile based on *res judicata* because, as this Court has previously explained to the parties, "the defense of *res judicata* is not apparent on the face of Plaintiffs' Complaint." ECF Nos. 47 at 4 & 19 at 10. Further, Plaintiffs state that the futility arguments raised by Defendant fails where Amazon "concedes that these arguments were not successful in the pleading stages of the litigation and these are factual disputes to be resolved throughout the course of the litigation." ECF No. 47 at 4-5.

After briefing concluded, Defendant wrote a letter to Court asserting additional reasons that the proposed amendments should be denied. ECF No. 49. In that letter, Defendant argues 1) "the proposed new claims are barred by the doctrine of res judicata," 2) the proposed amendments "fail to state a claim for relief," and, in the alternative, "would be subject to binding arbitration." *Id.* at 2. Defendant offered to provide further briefing at the Court's request. The Court declines to extend the opportunity for further briefing.

Amendments are futile if "the complaint, as amended, fails to state a claim upon which relief could be granted[,]" or in other words, when they would fail under a Rule 12(b)(6) analysis. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To survive a 12(b)(6) motion, plaintiffs must show that their claims "cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In the Third Circuit, a district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). While "tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims:"

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Clinton*, 2017 WL 1024274, at *5 (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6) motion to dismiss standard [] and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." *Dawn Rest., Inc. v. Penn Millers Ins. Co.*, 2011 WL 4962451, at *4 (D.N.J. Oct. 18, 2011) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (quotation marks omitted).

First, regarding Defendant's argument that Plaintiffs' Motion failed to comply with the Local Civil Rules, this Court finds that Plaintiffs cured this deficiency by filing a redlined copy of the proposed amended pleading. ECF No. 48. Second, regarding Defendant's arguments on futility of the proposed amendments, this Court finds the arguments fail because they do not meet the burden for the present Motion. At present, the Court is tasked with evaluating whether just the *proposed* amendments are futile and Defendant conflates this undertaking with the task before the

District Judge to evaluate the merits of the operative Complaint in a Motion for Summary Judgment [ECF No. 21]. Instead of explaining why just the *proposed* amendments themselves are futile, Defendant argues the proposed amendments "do not in any way address the multiple grounds for dismissal presented by Amazon in its pending motion." ECF No. 45 at 9. Further, as Plaintiffs rightfully note, the burden for the pending dispositive motion is on a summary judgment standard whereas the standard in this Motion is liberally applied in favor of amendment. As such, Defendant has not met the **heavy burden** in opposing the proposed amendments on the grounds of futility.

## IV. Conclusion

For the reasons herein, Plaintiffs' Motion is **GRANTED**. Accordingly, it is:

So ORDERED this **19th** day of **January**, 2024; and it is further

ORDERED that Plaintiffs are to file an Amended Complaint identical to the proposed Amended Complaint filed at ECF No. 48, not later than 7 days from the date of this Order; and it is further

ORDERED this Order terminates ECF No. 44; and it is further

ORDERED that Defendant's pending Motion for Summary Judgement at ECF No. 21 is terminated and any dispositive motion to be filed should address the newly filed Amended Complaint.

_____

**Douglas E. Arpert**
**United States Magistrate Judge**