<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACOB KELLNER and DEVORA KELLNER, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON, OFFICERS, DIRECTORS, AND SHAREHOLDERS, <br><br> Defendant. | Civil Action No. 22-01124 (GC) (JTQ) <br><br> <u>**OPINION**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon two motions filed by Defendant Amazon.com Services, LLC:[1] a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6), and a Motion for Summary Judgment pursuant to Rule 56 or, in the alternative, to Compel Arbitration. (ECF Nos. 56 & 57.) Plaintiffs Jacob and Devora Kellner opposed both motions, and Amazon replied. (ECF Nos. 58, 60, 62-63.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Amazon's Motion for Summary Judgment is **GRANTED** in part. Specifically, the Court will enter judgment in Amazon's favor and dismiss the Amended Complaint on the basis of res judicata. Amazon's Motion to Dismiss (ECF No. 56) and the portion of Amazon's Motion

---

[1]   Amazon states that it has been incorrectly named as "Amazon, Officers, Directors, and Shareholders." (ECF No. 56-1 at 10.) Plaintiffs do not dispute this representation, nor does it affect the Court's analysis.

for Summary Judgment seeking to compel arbitration (ECF No. 57) are **DENIED** as moot.

I.  **BACKGROUND**

   A.  **Facts Undisputed, or Substantiated by Record Evidence[2]**

Plaintiffs' claims arise from allegations that Amazon improperly terminated J. Kellner's right to sell products as a third-party seller on Amazon's website. (ECF No. 53 ¶ 6.) J. Kellner and Amazon entered into a contractual Business Solutions Agreement (BSA) that lasted for roughly nine years. (*Id.* ¶¶ 18-19.) Amazon "suddenly and abruptly" terminated the BSA without notice, "blocking [J. Kellner's] access to [the] online [A]mazon customer base," "seiz[ing] his product line stored in their warehouse," and "converting his product line into their own to eliminate competition." (*Id.* ¶¶ 12, 26.) As a result, J. Kellner lost over three million dollars "and was unable to timely pay his outstanding debt due to the loss of income." (*Id.* ¶ 30.) J. Kellner also suffered a "serious mental breakdown requiring professional medical treatment." (*Id.* ¶ 27.) He and his wife, D. Kellner, further allege that they "suffered a loss of marital consortium and normal marital sexual relations." (*Id.* ¶¶ 28-29.)

---

[2]  Although Plaintiffs opposed Amazon's Motion for Summary Judgment, or in the alternative, to Compel Arbitration, Plaintiffs did not file any Statement of Undisputed Material Facts as required by Local Civil Rule 56.1 despite the Court having twice advised Plaintiffs of this deficiency. (*See* ECF Nos. 25 & 61.) Nevertheless, the Court shall afford Plaintiffs the leeway traditionally afforded to pro se litigants and will not dismiss Plaintiffs' filings for technical violations. *See Ruales v. Spencer Savings Bank*, Civ. No. 18-9192, 2021 WL 4843590, at *1 (D.N.J. Oct. 18, 2021) (excusing a pro se plaintiff's failure to submit a statement of material facts where the record and briefing was sufficient to decide motions for summary judgment). To the extent that Plaintiffs' factual assertions vary from those in Amazon's Rule 56.1 statements, the Court will consider those facts to be disputed, and the balance of Amazon's factual assertions supported by the record will be deemed uncontested. *See Folsom v. Superior Ct. of N.J.., Middlesex Vicinage*, Civ. No. 06-1651, 2008 WL 1782236, at *4 (D.N.J. Apr. 17, 2008) (citing *Longoria v. State of New Jersey*, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001)).

*1.     Previous Litigation and Arbitration*

On January 8, 2019, J. Kellner sued Amazon in the United States District Court for the Eastern District of New York for breach of contract and a "violation of the Sherman/Clayton Act" ("*Kellner I*"). (DSMF ¶ 4;[3] ECF No. 57-4 at 12-13.[4]) J. Kellner withdrew *Kellner I* after Amazon informed J. Kellner's then-attorney that the claims were subject to binding arbitration under the BSA. (DSMF ¶ 5.)

On March 21, 2019, J. Kellner filed a Demand for Arbitration with the American Arbitration Association against Amazon for the same claims asserted in *Kellner I*. (*Id.* ¶ 6.) Thereafter, "the Arbitrator held an administrative conference, the parties exchanged discovery, [J.] Kellner engaged in motion practice seeking to compel discovery from Amazon, and the parties exchanged briefs in lieu of an evidentiary hearing or live witness testimony." (*Id.* ¶ 15.) Amazon submitted evidence consisting of the BSA, J. Kellner's violations of the BSA, and Amazon's notice to J. Kellner warning him that he could lose his selling privileges if he did not come into compliance with the BSA. (*Id.* ¶ 17.) On December 1, 2020, the Arbitrator issued a final award entirely in Amazon's favor. (*Id.* ¶¶ 19-21.)

On January 25, 2021, J. Kellner filed a second proceeding in the Eastern District of New York arising from Amazon's termination of the BSA ("*Kellner II*"). (*Id.* ¶ 23.) Amazon advised J. Kellner's then-attorney that the claims were precluded by the prior arbitration award and subject to arbitration. (*Id.* ¶¶ 24-25.) On April 13, 2021, J. Kellner voluntarily dismissed *Kellner II*. (*Id.*)

---

[3]     Amazon's Statement of Material Facts Not in Dispute (ECF No. 57-2) is referred to as "DSMF."

[4]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

On December 29, 2020, J. Kellner filed a petition to vacate, modify, or correct the arbitration award in the Eastern District of New York, which Amazon opposed through a cross-petition to confirm the arbitration award ("*Kellner III*"). (*Id.* ¶¶ 26-27.) On March 1, 2022, the Honorable Peggy Kuo, U.S.M.J., issued a report and recommendation (R&R) recommending that the district court deny J. Kellner's petition and confirm the arbitration award. (*See* ECF No. 57-24 at 2-15.) On March 29, the district court adopted the R&R in its entirety, and on March 30 the Clerk of the Court for the Eastern District of New York issued a judgement in favor of Amazon. (DSMF ¶¶ 28-31.) J. Kellner appealed the district court's order and judgment to the United States Court of Appeals for the Second Circuit, which affirmed the order and judgment in their entirety on February 27, 2023. (*Id.* ¶ 34.)

### 2. *The Instant Matter*

Plaintiffs initiated this case on March 1, 2022, on the same day that the R&R was issued in *Kellner III*. (*See* ECF No. 1; ECF No. 57-24 at 15.) The original complaint arose from Amazon's alleged wrongful termination of the BSA and asserted a violation of the New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-1, *et seq.*; intentional infliction of emotional distress; and equitable estoppel.[5] (ECF No. 1 ¶¶ 36, 63-73.) Amazon moved to dismiss for failure to state a claim and on res judicata grounds, arguing that the prior arbitration award and judicial proceedings precluded Plaintiffs' claims. (ECF No. 13-1.) Alternatively, Amazon moved to compel "any remaining claims" to arbitration pursuant to the BSA's arbitration provision, but "only if this Court were to find that the Complaint is not barred on the grounds of res judicata and/or that it fails to state a claim for relief." (*Id.* at 36.) The Court denied the motion without prejudice, finding that it could not properly consider Amazon's res judicata defense because it was

---

[5]   This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

4

not apparent on the face of Plaintiffs' Complaint, nor could the Court fully consider Amazon's exhibits in support of the defense. (*See* ECF No. 19.) The Court allowed Amazon to refile its motion as one for summary judgement pursuant to Rule 56. (ECF No. 20.) Amazon moved for summary judgment on March 9, 2023. (ECF No. 21.)

On December 7, 2023, Plaintiffs moved to amend their Complaint, which the Honorable Douglas Arpert, U.S.M.J., granted on January 19, 2024.[6] (ECF No. 44.) On January 21, Plaintiffs filed the Amended Complaint, which asserts claims for a violation of the NJCFA (Count One); intentional infliction of emotional distress (Count Two); equitable estoppel (Count Three); violations of the Sherman Act, 15 U.S.C. § 1, for unlawful monopolization (Counts Four and Five); and a violation of the Racketeer Influenced Corrupt Organization (RICO) Act, 18 U.S.C. § 1964 (Count Six). Both Plaintiffs bring Count Two for intentional infliction of emotion distress, while all other claims are brought solely on behalf of J. Kellner.

On February 20, Amazon moved to dismiss the Amended Complaint for failure to state a claim. (ECF No. 56.) On that same date, Amazon filed its Motion for Summary Judgment on res judicata grounds or, in the alternative, to Compel Arbitration. (ECF No. 57.)

## II.   LEGAL STANDARD[7]

### A.   Summary Judgment

"Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011). Pursuant to Rule 56, "[s]ummary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party

---

[6]   In the interim, the parties participated in several unsuccessful settlement conferences. (*See* ECF Nos. 35-42.)

[7]   Because the Court does not reach the Motion to Dismiss for failure to state a claim, the Rule 12(b)(6) standard is not recited.

and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (citing Fed. R. Civ. P. 56(a)). "A fact is material if—taken as true—it would affect the outcome of the case under governing law." *M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "And a factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.*

### B. Motion to Compel Arbitration—FAA

The Federal Arbitration Act ("FAA") "establishes a strong federal policy in favor of compelling arbitration over litigation." *MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 396 (3d Cir. 2020) (quoting *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000)). Under the FAA, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," a district court must "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If the making of the arbitration agreement is at issue and cannot be decided as a matter of law, "the court shall proceed summarily to the trial thereof." *Id.*

## III. DISCUSSION

### A. Sequencing of Motions

Amazon seeks to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) and under a Rule 56 standard of review based on the affirmative defense of res judicata. In the alternative, Amazon moves to compel arbitration of Plaintiff's claims, but "only if this Court does not grant dismissal of this case with prejudice and in its entirety pursuant to Rules 12(b)(6) or 56." (ECF No. 57-1 at 30.)

The first issue before the Court is the order in which Amazon's motions should be decided. The United States Court of Appeals for the Third Circuit has repeatedly held that district courts should decide motions to compel arbitration before motions to dismiss for failure to state a claim. *See, e.g.*, *Edmondson v. Lilliston Ford*, 593 F. App'x 108, 111 (3d Cir. 2014) (holding that the district court had erred in denying a motion to compel arbitration as premature pending a ruling on a motion to dismiss for failure to state a claim, because the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (citations omitted)); *Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (ruling that the district court had "erroneously ruled on [the defendant's] motion to dismiss before resolving its motion to compel arbitration" because "after a motion to compel arbitration has been filed, the court must 'refrain from further action' until it determines arbitrability. District courts may not alter this sequencing." (internal citations omitted)). Accordingly, this Court may not address the merits of Amazon's motion to dismiss for failure to state a claim before its demand for arbitration. *See Castillero v. Xtend Healthcare, LLC*, Civ. No. 22-02099, 2023 WL 8253049, at *9-10 (D.N.J. Nov. 29, 2023) (ruling on the defendants' motions to compel arbitration before motions to dismiss for failure to state a claim); *Manopla v. United Collection Bureau, Inc.*, Civ. No. 19-16777, 2020 WL 6938354, at *3 (D.N.J. Nov. 24, 2020) (finding that on a motion to dismiss for failure to state a claim or in the alternative, to compel arbitration, the court must "defer ruling on . . . whether Plaintiff's Complaint should be dismissed for failure to state a claim" to conduct "limited discovery on whether Defendant may enforce the Arbitration Provision").[8]

---

8   *See also Rose v. Equitrans Midstream Corp.*, Civ. No. 19-01343, 2020 WL 13547735, at *2 (W.D. Pa. May 22, 2020) ("When courts are faced with both a motion to dismiss for failure to state a claim and a motion to compel arbitration, it is required that the court first address the motion to compel arbitration." (citations omitted)); *Nelson v. Brown*, Civ. No. 17-3232, 2019 WL 368597,

The Third Circuit, however, has expressly held that "when the preclusive effect of a prior federal judgment is at issue, the district court, not the arbitrator, must make res judicata rulings," thereby creating a "limited exception" to the general rule that motions to compel arbitration must be decided first. *Arrowhead Gen. Ins. Agency, Inc. v. Lincoln Gen. Ins. Co.*, Civ. No. 16-1138, 2016 WL 5801920, at *3 (M.D. Pa. Oct. 5, 2016) (citing *John Hancock Mut. Life. Ins. Co. v. Olick*, 151 F.3d 132, 137-38 (3d Cir. 1998)). In *Olick*, the Third Circuit explained that although a "res judicata objection based on [a] prior arbitration is an issue to be arbitrated and is not to be decided by the courts," federal courts must "intervene in the arbitration process when faced with res judicata objections stemming from a prior federal judgment." 151 F.3d at 134-35, 139 (citing *Telephone Workers Union of N.J. v. N.J. Bell Tel. Co.*, 584 F.2d 31, 33 (3d Cir. 1978)) (holding that the district court erred when it ruled that the preclusive effect of a prior federal judgment on pending arbitration proceedings should be determined by an arbitrator instead of the court.) The Third Circuit reasoned that "claims of res judicata based on a prior federal judgment must be decided by the district court before compelling or enjoining arbitration" because "federal courts must protect the finality and integrity of prior judgments." *Id.* at 137-38 (citations omitted); *accord Interdigital Comms. Corp. v. Fed. Ins. Co.*, 308 F. App'x 593, 597 (3d Cir. 2009) ("We have previously held that a res judicata defense to an arbitration claim must be decided by the court, not the arbitrator, if it involves the prior judgment of a federal court." (citing *Olick*, 151 F.3d at 138)).

Here, Amazon's res judicata defense is premised on an arbitration award that was confirmed in a judgment issued by the United States District Court for the Eastern District of New York, which was then affirmed by the United States Court of Appeals for the Second Circuit. (*See* ECF No. 57-1 at 20-21.) Accordingly, this Court must address Amazon's res judicata defense

---

at *5 (E.D. Pa. Jan. 28, 2019) ("[W]e cannot consider the merits of Plaintiff's claims in making a determination as to whether those claims must be arbitrated.").

based on a prior federal judgment before Amazon's motion to compel arbitration. *See Arrowhead*, 2016 WL 5801920, at *3 (denying a motion to compel arbitration because one of the parties presented a res judicata defense based on a prior arbitration award that was confirmed by a federal district court); *see also King v. Advance Am.*, Civ. Nos. 07-237 & 07-3142, 2011 WL 3861898, at *7 (E.D. Pa. Aug. 31, 2011) (noting that although "affirmative defenses, including res judicata, are considered components of the dispute and must be considered by the arbitrator, . . . the Third Circuit recognizes a narrow exception to this rule when the preclusive effect of a prior *federal* judgment is at issue" (emphasis in original)).

### B. Res Judicata

Res judicata, or claim preclusion, "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). The party seeking to invoke the doctrine must establish that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.* The Court addresses each element in turn.[9]

---

[9] When petitioning the Eastern District of New York to vacate the arbitration award issued in *Kellner III*, J. Kellner invoked federal question jurisdiction under 28 U.S.C. § 1331 because he was asserting claims under the Sherman Act. (*See* ECF No. 57-20 at 7.) The Eastern District of New York confirmed the arbitration award, and its judgment was affirmed by the Second Circuit. The Court will therefore treat the order confirming the arbitration award as a federal judgment for res judicata purposes and will apply federal preclusion standards to determine its effect. *See Neal v. ASTA Funding, Inc.*, Civ. No. 13-3438, 2019 WL 522095, at *7 n.9 (D.N.J. Feb. 8, 2019) (applying federal collateral estoppel standards when considering an arbitration award that was decided under New Jersey law, but confirmed by a federal district court and affirmed by the Third Circuit; *In re Kaplan*, 143 F.3d 807, 814-15 (3d Cir. 1998) (applying federal claim preclusion law where the prior judgment confirming an arbitration award was issued by a federal district court sitting in diversity); *McLaughlin*, 686 F. App'x at 121 n.1 (3d Cir. 2017) ("Because this case involves the preclusive effect of a prior federal court determination, we apply federal law principles of collateral estoppel.").

### *1.   Final Judgment on the Merits*

It is "well settled that an arbitration award . . . is deemed a 'final judgment' when it is confirmed by a court" for res judicata purposes. *See Druz v. Morgan Stanley, Inc.*, Civ. No. 10-6281, 2012 WL 762504, at *5 (D.N.J. Mar. 8, 2012) (citing *Gruntal & Co., Inc. v. Steinberg*, 854 F. Supp. 324, 337 (D.N.J. 1994), *aff'd*, 46 F.3d 1116 (3d Cir. 1994)). "Once confirmed, an arbitration award becomes a judgment of the court, entitled to 'the same force and effect, in all respects, as, and . . . subject to all the provisions of law relating to, a judgment in [any other] action." *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (quoting 9 U.S.C. § 13); *see also Neal*, 2019 WL 522095, at *7 n.9 (treating an arbitration award as a final judgment with preclusive effect after it was confirmed by a federal district court and affirmed by the Third Circuit); *Arrowhead*, 2016 WL 5801920, at *3 (denying a motion to compel arbitration on res judicata grounds because the defense was premised on "a prior federal judgment—the arbitration award confirmed" by the United States District Court for the Middle District of Pennsylvania).

Here, in *Kellner III*, the arbitrator issued a final award that addressed the merits of J. Kellner's claims, finding that (1) J. Kellner "failed to demonstrate that Amazon violated the Sherman Act or the Clayton Act," (2) "Amazon did not breach the BSA," and (3) J. Kellner could not "prevail on a claim for breach of duty of good faith" in the "absence of proof of a contractual violation." (ECF No. 57-17 at 5-8.)  After J. Kellner petitioned to modify and vacate the award in the Eastern District of New York, the Magistrate Judge found that the arbitrator did not act with "evident partiality," improperly refuse to hear evidence, exceed her authority, or manifestly disregard the law. (ECF No. 57-24 at 9-14.)  Thus, the Magistrate Judge recommended confirming the award. (*Id.* at 14.)  On March 30, 2022, the district court adopted the R&R in its entirety and granted Amazon's petition to confirm the arbitration award in a final judgment (ECF No. 57-28 at

10

2), which the Second Circuit affirmed (ECF No. 57-33 at 2-11). Because the arbitration award addressed the merits of J. Kellner's claims and was judicially confirmed, there is no genuine dispute that the award constitutes a final judgment on the merits for preclusion purposes. *See Druz*, 2012 WL 762504, at *5; *Neal*, 2019 WL 522095, at *7 n.9.

### 2. *Same Parties or Their Privies*

There is also no dispute that J. Kellner was a party to the original litigation. As for Amazon, "non-party claim preclusion applies if the nonparty had a substantive legal relationship with a party, and a successor in interest has such a relationship with its predecessor." *In re Montgomery Ward, LLC*, 634 F.3d 732, 737 (3d Cir. 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Defendant in this matter—Amazon.com Services LLC—is the successor in interest to Amazon Services LLC, which was the party that appeared in *Kellner III*. (*See* DSMF ¶ 13; ECF No. 57-34 at 2-3 (a Certificate of Merger dated December 31, 2019 merging Amazon Services LLC with Amazon.com Services LLC).) Accordingly, Amazon may assert a res judicata defense based on the prior litigation involving its predecessor in interest. *See also Farrell-Scott v. Supreme Court of N.J.*, Civ. No. 22-00558, 2023 WL 6599262, at *5 (D.N.J. Feb. 22, 2023) (dismissing a claim under res judicata where the defendants were the "successor[s] by merger" to Sterling National Bank, which had successfully moved for dismissal of the same claim in previous litigation).

D. Kellner was not a party to the original litigation. Therefore, the Court must determine whether she was "in privity" with J. Kellner for claim preclusion purposes. *McLaughlin*, 686 F. App'x at 122. The United States Supreme Court has recognized that nonparty preclusion may be appropriate "where there is a pre-existing 'substantive legal relationship' between the person to be bound and a party to the prior judgment." *Id.* (citing *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009); *Sturgell*, 553 U.S. at 893-95). A "substantive legal relationship . . . principally refers to one in which the 'parties to the first suit are somehow

11

accountable to nonparties who file a subsequent suit raising identical issues.'" *Id.* (quoting *Pelt v. Utah*, 539 F.3d 1271, 1290 (10th Cir. 2008)).

The Third Circuit has held that a nonparty's claims are precluded where there is both a pre-existing "substantive legal relationship" and the nonparty's claims are "wholly derivative" of the claims asserted in the original litigation. *See id.* (citation omitted). For example, in *McLaughlin*, the Third Circuit determined for claim preclusion purposes that a dependent son's legal claims under a healthcare benefits plan governed by the Employee Retirement Income Security Act of 1974 (ERISA) were "wholly derivative" of his father's rights and obligations "through the explicit terms of the benefits plan." *Id.* at 122-23. Thus, the father and son were "in privity" because, "by virtue of their preexisting legal relationship" under the benefits plan, a prior judgment against the father "necessarily extinguished any claim" the dependent son might have under the plan. *Id.* at 123.

Here, the Kellners have a "preexisting legal relationship" as husband and wife. Privity "has been found where a spousal relationship exists." *See Seamon v. Bell Telephone Co. of Pa.*, 576 F. Supp. 1458, 1461 (W.D. Pa. Dec. 28, 1983), *aff'd*, 740 F.2d 958 (3d Cir. 1984) (collecting cases); *Blackburn v. Aventis Pharms., Inc.*, Civ. No. 06-4951, 2006 WL 3544980, at *2 (D.N.J. Dec. 8, 2006). (ECF No. 53 at 1.) And D. Kellner's sole claim under Count Two is premised on a "loss of marital consortium and normal marital sexual relations" following Amazon's termination of the BSA, which caused J. Kellner to suffer "a serious mental breakdown." (*Id.* ¶¶ 28, 68.)

"Loss of consortium claims are derivative claims that are contingent upon the spouse's related substantive claim." *Mahanandigari v. Tata Consultancy Servs.*, Civ. No. 16-8746, 2017 WL 2634366, at *5 n.3 (D.N.J. Jun. 19, 2017); *see also Acevedo v. Monsignor Donovan High School*, 420 F. Supp. 2d 337, 347 (D.N.J. 2006) ("A loss of consortium claim is a derivative claim,

12

'depend[ing] upon the existence of tortious conduct on the part of the defendants.'" (quoting *Horvath v. Rimtec Corp.*, 102 F. Supp. 219, 236 (D.N.J. 2000))); *Perez v. New Jersey Transit Corp.*, 341 F. App'x 757, 764 (3d Cir. 2009) (affirming the district court's "conclus[ion] that because Perez's tort claims were subject to dismissal, his wife's derivative loss of consortium claim was also subject to dismissal"). Here, Plaintiffs allege that Amazon's "extreme and outrageous scheme to deceive and exploit the plaintiff and lure plaintiff into a BSA seller contract" caused Plaintiffs "to suffer loss of marital consortium." (ECF No. 53 ¶¶ 67-68.) Therefore, D. Kellner's consortium claim is derivative of J. Kellner's claims arising from Amazon's termination of the BSA. *Acevedo*, 420 F. Supp. 2d at 347.

Because the Kellners share a "substantial legal relationship" through marriage and D. Kellner's claim is wholly derivative of her husband's claims, the Court finds that D. Kellner was "in privity" with J. Kellner for claim preclusion purposes. *McLaughlin*, 686 F. App'x at 121. Thus, Amazon has established that the final judgment issued in *Kellner III* involved "the same parties or their privies." *See Seamon*, 576 F. Supp. at 1459-61 (finding that a husband's loss of consortium claim was barred by res judicata because he was "in privity" with his wife, whose workplace harassment claims had been dismissed in a prior action); *Blackburn*, 2006 WL 3544980, at *2 (applying res judicata to a wife's claims even though she was not a party to her husband's prior action because her claims were "derivative" and she was "in privity with [the plaintiff] as his wife").

### 3. *Same Causes of Action*

Finally, the Court must determine whether this matter is "based on the same cause of action" asserted in the previous litigation. *McLaughlin*, 686 F. App'x at 121. "Determining whether a subsequent suit involves the same claim 'does not depend on the specific legal theory invoked, but rather the essential similarity of the underlying events giving rise to the various legal

13

claims.'" *Velez v. Wells Fargo Bank*, Civ. No. 15-3638, 2017 WL 1377632, at *2 (D.N.J. Apr. 11, 2017) (quoting *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (internal citations omitted)); *Davis v. Wells Fargo*, 824 F.3d 333, 341-42 (3d Cir. 2016) ("Res judicata bars a claim that 'arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation.'" (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)). Courts typically consider "whether the acts complained of were the same, whether the material facts alleged in each suit were the same and whether the witnesses and documentation required to prove such allegations were the same." *Elkadrawy*, 584 F.3d at 173 (citation omitted).

Here, three of the six claims in the Amended Complaint—Counts Three, Four, and Five—assert the same theories of recovery that the arbitrator rejected on the merits in *Kellner III*. Count One of the demand for arbitration in *Kellner III* asserted a "violation of the Sherman/Clayton Act," accusing Amazon of "monopoliz[ing] trade and commerce . . . [by] captur[ing] the vendors['] brands and then convert[ing] vendors['] brand[s] to their own use for profit." (ECF No. 57-8 ¶¶ 28, 84-87.) The arbitrator ruled that the Sherman and Clayton Acts "do not prohibit Amazon from deciding what products to offer on its own website" and that "Amazon's termination of [J. Kellner was] not a violation of the antitrust laws." (*See* ECF No. 57-17 at 6.) By comparison, Counts Four and Five of the current Amended Complaint assert claims for "unlawful monopolization" under the Sherman Act, accusing Amazon "of consuming legitimate seller product lines and converting it to their own use in commerce for profit while disingenuously terminating . . . [the] BSA contract . . . to dominate the marketplace and eliminate competition while creating a monopoly over the marketplace." (*See* ECF No. 53 ¶¶ 11, 74-91.) These claims arise "from the same set of facts as a claim adjudicated on the merits in the earlier litigation" and are therefore barred by res judicata. *Davis*, 824 F.3d at 341-42 (affirming preclusion of the plaintiff's claims for trespass and a violation of the Servicemembers Civil Relief Act where the same causes of

action based on the same underlying events were previously litigated). (*See* ECF No. 57-17 at 6 (finding that Amazon did not violate antitrust laws).)

Count Three is barred for the same reasons. In *Kellner III*, the arbitrator adjudicated J. Kellner's claim for a breach of the duty of good faith, finding that "Amazon gave Kellner sufficient notice of termination and provided him with multiple chances to appeal his suspensions and get his accounts reinstated." (ECF No. 57-17 at 7-8.) Although the Amended Complaint here does not assert a claim for a breach of the duty of good faith, Count Three for "equitable estoppel" is premised entirely on Plaintiffs' allegation that Amazon acted in "'bad faith' . . . both pre termination of the contract (BSA) between the parties, and post BSA contract." (ECF No. 53 ¶ 72.) The "factual predicate" for Count Three is identical to the claim for breach of the duty of good faith that was already adjudicated in *Kellner III*. Therefore, Count Three is barred. *See Velez*, 2017 WL 1377632, at *3 (citation omitted).

The remaining claims in the Amended Complaint—Count One for a violation of the NJCFA, Count Two for intentional infliction of emotional distress, and Count Six for RICO violations—were not expressly asserted in *Kellner III*. But they are based on the same "underlying events giving rise to the various legal claims" in *Kellner III*. *See CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999); *Blackburn*, 2006 WL 3544980, at *2 (barring the plaintiff's claims that arose "from the same transactions or occurrences" as the claims raised in a prior federal action). The NJCFA claim is based on Plaintiffs' allegations that Amazon "lure[d]" J. Kellner onto its platform "under a BSA seller agreement, with the intent of exploiting [J. Kellner] . . ., steal[ing] his product line and convert[ing] it to their own use, while eliminating competition." (ECF No. 53 ¶ 64.) Count Two alleges that Amazon engaged in a "scheme to deceive and exploit [J. Kellner] and lure [him] into a BSA," leading to the Plaintiffs' emotional damages and loss of marital consortium. (*Id.* ¶¶ 67-68.) And the RICO claim under Count Six is premised on

15

Amazon's alleged "ongoing and systematic violations of monopolization laws." (*Id.* ¶ 102.) The "material facts" in each of these claims are the same facts that were asserted and ultimately adjudicated in *Kellner III*. (*See* ECF No. 57-8 ¶¶ 30-33 (alleging that "Amazon wrongfully and unlawfully terminated [J. Kellner's] online Store account/ agreement" as part of a "'ruse' . . . to secretly advance their unlawful ploy to interfere with, disrupt and control trade and commerce . . . establishing and advancing a monopoly . . . while eliminating competition"); ECF No. 57-17 at 5-8 (finding that J. Kellner did not establish that Amazon violated antitrust laws, breached the BSA, or violated its duty of good faith).) The claims are therefore barred despite being asserted in *Kellner III* under different legal theories. *Davis*, 824 F.3d at 342 (noting that claim preclusion "analysis does not depend on the specific legal theory invoked," but on whether the claim asserts "the same set of facts as a claim adjudicated on the merits in the earlier litigation"); *Elkadrawy*, 584 F.3d at 173 (finding that it "does not matter for res judicata purposes that [the plaintiff] proceeds under § 1981 rather than Title VII" where both claims alleged the same set of facts).

Nor is there a genuine dispute that adjudicating these allegations would require a factfinder to consider the same evidence that was considered in *Kellner III*. *See Elkadrawy*, 584 F.3d at 173. In the *Kellner III* arbitration proceedings, Amazon submitted "(i) the BSA, which establishes that Amazon was entitled to terminate its relationship with Mr. Kellner at any time for any reason; (ii) evidence regarding Mr. Kellner's multiple violations of the BSA and Amazon's Program Policies; and (iii) communications from Amazon to Mr. Kellner identifying that he had notice that he had to come into compliance with Amazon's seller policies, otherwise he would lose his selling privileges on Amazon.com, and that Mr. Kellner received notice of account termination." (ECF No. 57-1 at 28-29 (citing ECF No. 57-16).) The same evidence would be used to adjudicate the instant claims, which accuse Amazon of "unfairly terminating his online seller platform" in an effort "to control the marketplace" in violation of antitrust laws. (ECF No. 53 ¶ 13.) *See*

16

*McLaughlin*, 686 F. App'x at 124 (applying res judicata because the "factual allegations required proof through the same witnesses and documentation" as the prior action).

For these reasons, the Court finds that Counts One through Six of the Amended Complaint are barred by the doctrine of res judicata. Because further amendment would not overcome the deficiencies noted above and would be futile, the Court dismisses Plaintiffs' Amended Complaint with prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Elkadrawy*, 584 F.3d at 173-74 (dismissing federal claims barred by res judicata with prejudice).

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Amazon's Motion for Summary Judgment is **GRANTED** in part. Specifically, the Court will enter judgment in Amazon's favor and dismiss the Amended Complaint based on the doctrine of res judicata. The portion of the Motion for Summary Judgment seeking to compel arbitration and the Motion to Dismiss are **DENIED** as moot. An appropriate Order follows.

Dated: September 26, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

17